# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KEYIN WORTH,

        Plaintiff,

  v.

CHRISTOPHER PICARD, *et al.*,

        Defendants.

Civil Action No. 3:21-cv-432 (CSH)

**NOVEMBER 22, 2021**

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION
## TO REMAND AND DEFENDANTS' MOTIONS TO AMEND AND TO STRIKE

**HAIGHT, Senior District Judge:**

Plaintiff Keyin Worth ("Plaintiff"), proceeding *pro se*, filed this action in Connecticut Superior Court on March 8, 2021 against multiple individuals and entities (collectively "Defendants"), asserting claims arising out of her eviction from a residence in Wolcott, Connecticut on March 27, 2018. *See* Doc. 1 at 8–27. Among the various claims made by Plaintiff, Plaintiff alleges that Defendants violated her rights under the Fourth and Fourteenth Amendments to the federal Constitution in effecting her eviction from the Wolcott residence. *Id.* at 22. Plaintiff completed service of process on most—but not all—of the named Defendants by March 12, 2021. *Id.* at 39–41. Specifically, Plaintiff served process on Defendants Willie Davis, Jr. ("Davis"); McCalla Raymer Leipert Pierce, LLC ("MRLP, LLC"); Edward DiLieto ("DiLieto"); Christopher Picard ("Picard"); and the Bank of New York Mellon Corporation ("BNY Mellon"). *Id.* at 39–40. Plaintiff was not able to serve several John Doe individuals, because their identities were (and remain) as yet unknown, and she furthermore was unable to serve named Defendant Laura Urban ("Urban"), because Urban was discovered to be deceased by Plaintiff's process server. *Id.* at 40.

On March 29, 2021, DiLieto and Davis filed a notice of removal with this Court pursuant to 28 U.S.C. § 1441(a).  *Id.* at 1.  DiLieto and Davis assert that Plaintiff's action may be removed to this Court because the Court has original jurisdiction over Plaintiff's Fourth and Fourteenth Amendment claims under 28 U.S.C. § 1331, and they furthermore claim that the Court possesses supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367(a). *Id.* at 2–4.  DiLieto and Davis's removal notice states that "[a]ll [D]efendants consent to the removal of this action as evidenced by the signature of the co-defendants' counsel . . . ." *Id.* at 4. Consistent with this representation, the removal notice contains an electronic signature by Picard, as an individual Defendant, and as attorney for MRLP, LLC and BNY Mellon, to indicate his and those Defendants' consent to the removal of this action.  *Id.* at 5.[1]  In an apparent scrivener's error, Picard's signature block also contains Urban's name, even though the notice of removal clearly conveys that Urban is deceased, the paragraph preceding Picard's signature block reflects that his signature is meant to indicate only his, BNY Mellon's, and MRLP, LLC's consent to the removal, and the exhibits appended to the notice of removal reflect that Urban had not been (and could not have been) served.  *Id.* at 4–5, 40.

By way of a motion filed on April 12, 2021, Doc. 12, Plaintiff seeks to remand her case to the Superior Court.  Plaintiff primarily argues that the notice of removal fails to comply with the "rule of unanimity" for removing an action with multiple defendants from state to federal court. Specifically, Plaintiff contends that because she has attempted to substitute Gail Carroll ("Carroll"), the fiduciary for Urban's estate, as a Defendant in place of Urban herself, DiLieto and Davis could not properly remove the action from the Superior Court without Carroll's consent.

---

[1] Picard's signature, like the signature of DiLieto and Davis's counsel, takes the form of Picard's attorney admission number with this Court, which is typed on his signature line.  Doc. 1 at 5.

Doc. 12-1 at 1, 3–7.  Plaintiff also appears to argue that because of Urban's death, this case falls within the "probate exception" to this Court's jurisdiction.  *Id.* at 2, 4–5.

Defendants respond that Plaintiff presents no valid basis for her case to be remanded. Defendants aver that the inclusion of Urban among the Defendants in Picard's signature block was erroneous, and further state that Plaintiff's efforts to substitute Carroll for Urban took place in the Superior Court only *after* Defendants' removal notice was filed.  Doc. 15 at 2–3.  As such, Defendants argue that the rule of unanimity has been satisfied in this matter: since defendants who have not been served are not required to join or otherwise consent to a removal, and all Defendants who had been served in this case have signed the removal notice at issue here, there is sufficient evidence of unanimous consent to the removal to defeat the remand motion.  *Id.* at 5–6. Furthermore, Defendants argue that Plaintiff's efforts to substitute Carroll for Urban are irrelevant because Plaintiff's filings regarding the substitution were made with the Superior Court at a time when that court lacked jurisdiction over this matter pursuant to 28 U.S.C. § 1446(d).  *Id.* at 7. Finally, Defendants contend that the probate exception does not apply to this case.  *Id.* at 7–9. Having acknowledged the erroneous inclusion of Urban in Picard's signature block, by separate motion Defendants also seek the Court's leave to amend their notice of removal to correct the mistake.  *See* Doc. 13.

28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  "When removing a state case with multiple defendants, each defendant must independently consent to removal to federal court." *Thorstenson v. Sinomax USA, Inc.*, No. 3:19-CV-1809 (VAB), 2020 WL 5594117, at *4 (D. Conn. Sept. 18, 2020) (citing *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)).  Accordingly, "district courts in this

Circuit have generally required each defendant to either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within thirty days of receiving service of the initial pleading." *Gibson v. Dolliver*, No. 3:18-CV-01825 (JCH), 2019 WL 1455172, at *3 (D. Conn. Apr. 2, 2019) (quotation marks and citation omitted).

"However, courts have recognized an exception to this so-called 'unanimity rule,' namely, that removing defendants are not required to obtain consent from a defendant who has not been properly served at the time of removal." *Monagas v. Samsung Elecs. Am., Inc.*, No. 3:13CV927 MPS, 2013 WL 5970977, at *1 (D. Conn. Nov. 8, 2013) (citations omitted). Therefore, for example, an individual who is deceased at the time a plaintiff attempts to join that individual as a defendant will not later defeat another defendant's effort to procure removal. *See, e.g.*, *Baiul v. William Morris Agency, LLC*, No. 13 Civ. 8683 (KBF), 2014 WL 465708, at *2 (S.D.N.Y. Feb. 3, 2014) (holding that plaintiff's attempted service on individual who had been deceased for nine years before plaintiff filed her action was not proper, "and thus [the decedent's] failure to consent to removal does not serve as a basis to defeat removal").

In the case at the bar, the Court agrees with Defendants that the rule of unanimity has been satisfied in this case, and that remand is not required for want of consent to the removal by all relevant Defendants. No party disputes that Urban had not been served—and could not have been served—at the time Defendants filed the notice of removal. The Court also finds that the inclusion of Urban among the Defendants in Picard's signature block was a scrivener's error, given the totality of Defendants' removal notice: the broader contents of the notice make clear that Picard has never appeared on Urban's behalf or intended to appear on her behalf. In addition, although Plaintiff has attempted to substitute Carroll for Urban as a defendant, the parties' filings show that that effort only began *after* the notice of removal was filed with this Court, with a copy

4

simultaneously provided to the Superior Court. *See* Doc. 12-1 at 12–13; Doc. 15-3. As such, Carroll's consent to the removal (or lack thereof) is completely irrelevant: Carroll was not a party to this action at the time the notice of removal was filed, and thus no consent to removal was required from her.[2] Based on the notice of removal and the briefing by the parties, it is evident that all Defendants who could have been served—and were in fact served—at the time the notice of removal was filed with this Court have joined in that notice, as reflected by the relevant attorneys' signatures on the notice itself.[3] The Court therefore finds that the rule of unanimity has been satisfied and that there is no basis for remand on that ground.

The Court also agrees with Defendants that the probate exception to this Court's jurisdiction does not apply to the case at the bar. "The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of New York*, 528 F.3d 102, 105 (2d Cir. 2007) (citation omitted). The exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose

---

[2] In addition, the Court agrees with Defendants that the Superior Court was without jurisdiction to consider the substitution of Carroll for Urban once Defendants removed the action to this Court and filed a copy of the removal notice with the state court. *See Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) ("Once a notice of removal is filed, the State court shall proceed no further unless and until the case is remanded. The state court loses all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment are not simply erroneous, but absolutely void." (quotation marks and citations omitted)). The Superior Court docket reflects that notice of the removal was given to the Superior Court on March 29, 2021, the same day that the notice of removal was filed in this Court. Doc. 15-3 at 3. Any filings made in the Superior Court after that time therefore are nullities.

[3] By way of her reply brief in support of her motion, Plaintiff appears to attempt to argue that Picard's signature is not sufficient to indicate his and his clients' consent to this case's removal, because that signature is in the form of Picard's typed attorney admission number with this Court. *See* Doc. 18 at 2. Nothing in Plaintiff's opening brief suggests this argument, and there is no apparent reason why Plaintiff failed to raise it at that time. "A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies," D. Conn. L. Civ. R. 7(d), and "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). The Court thus deems any argument regarding the adequacy of Picard's signature to have been waived by Plaintiff, and the Court will not consider the matter further. *See, e.g.*, *Corpes v. Walsh Constr. Co.*, 130 F. Supp. 3d 638, 644 (D. Conn. 2015) ("Because raising new arguments for the first time in a reply brief is improper, the Court will not consider these issues[.]").

of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006).  However, "it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312.  The Second Circuit accordingly has instructed that "so long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." *Lefkowitz*, 528 F.3d at 106.

"When determining whether the probate exception applies, the court must examine the substance of the relief that the plaintiff is seeking, and not the labels the plaintiff has used." *Sechler-Hoar v. Tr. U/W of Gladys G. Hoart*, No. 3:17-CV-01968 (KAD), 2020 WL 292314, at *4 (D. Conn. Jan. 21, 2020) (quotation marks and citations omitted).  Here, the Court's review of Plaintiff's Complaint confirms that she seeks only damages from Urban for common law claims sounding in negligence, "conspiracy," intentional infliction of emotional distress, and conversion; for claims of deprivations of rights secured by the Connecticut and federal constitutions; and for violation of the Connecticut Unfair Trade Practices Act.  *See* Doc. 1 at 17–25.  Assuming that any of these claims survive Urban's death and that Carroll may be substituted for Urban as a Defendant on proper motion in this Court—matters the Court reserves for another day—the Court finds that none of Plaintiff's claims concerning Urban's conduct would necessitate this Court's interfering with the Connecticut Probate Court's handling of Urban's estate.  No claim raised in Plaintiff's Complaint seeks or requires this Court to probate or annul Urban's will, or to administer Urban's estate, or to assert control over a *res* in the custody of the Probate Court, or to order disgorgement of funds in the estate.  All Plaintiff seeks, at bottom, is a judgment that may make her a creditor of Urban's estate.  Accordingly, Plaintiff's claims fall outside the limited scope of the probate exception.  *See, e.g.*, *Roistacher v. Bondi*, 624 F. App'x 20, 22 (2d Cir. 2015) (holding that probate

exception did not apply to case where plaintiff was not a beneficiary of the estate and did not seek to administer the estate, probate a will, "do any other purely probate matter," or seek disgorgement of funds in the estate, but rather sought an *in personam* damages award against the estate); *U.S. Specialty Ins. Co. v. A-Val Architectural Metal Corp.*, No. 15CV760 KBF, 2015 WL 3948115, at *6 (S.D.N.Y. June 29, 2015) (finding that court could hear plaintiff's claims against estate insofar as plaintiff sought a monetary judgment against the estate, because adjudicating monetary claims "only require[d] the Court to determine whether [plaintiff] has a valid claim against" the estate and would not "determine any issues of claim priority, and would not interfere with the state court's possession of the [estate's] funds and property").

Therefore, for the foregoing reasons, Plaintiff's motion to remand, Doc. 12, is DENIED, and Defendants' motion to amend their notice of removal, Doc. 13, is GRANTED.  Defendants are directed to file their amended notice of removal on the docket of this case on or before **November 29, 2021**.  Furthermore, having determined that this action properly was removed, Defendants' motion to strike Plaintiff's notice of motions filed in the Connecticut Superior Court following this case's removal to this Court, Doc. 16, is GRANTED.  Finally, the Clerk is directed to update the docket for this case to reflect that no attorney has appeared on behalf of Laura Urban, since Urban never has been joined and served in this action.

It is SO ORDERED.

Dated:  New Haven, CT
          November 22, 2021

                                                                *s/ Charles S. Haight, Jr.*
                                                                CHARLES S. HAIGHT, JR.
                                                                Senior United States District Judge