## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**Keyin T. Worth,**

**Plaintiff,**

v.

**Christopher Picard,** *et al.*,

**Defendants.**

**Case No. 3:21-cv-432 (CSH)**

**MAY 23, 2022**

## RULING ON VALIDITY OF PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL AND PENDING MOTIONS

**HAIGHT, Senior District Judge:**

### I. BACKGROUND

Plaintiff Keyin T. Worth, proceeding *pro se*, filed this action in Connecticut Superior Court on March 8, 2021 against multiple individuals and entities (collectively, "Defendants"), asserting claims arising out of her eviction from a residence in Wolcott, Connecticut on March 27, 2018. *See* Notice of Removal 8–27, ECF No. 1. Among the various claims made by Plaintiff, she alleges that Defendants violated her rights under the Fourth and Fourteenth Amendments to the federal Constitution in effecting her eviction from the Wolcott residence. *Id.* at 22. The action was removed to this Court on March 29, 2021. *Id.* at 1.

Pending before the Court are two motions to dismiss the complaint pursuant to Federal Rule 12(b)(6) of Civil Procedure, one of which also seeks an injunction against Plaintiff bringing further actions against Defendants in this Court without prior approval, as well as a motion by two defendants to stay discovery. *See generally* ECF Nos. 50, 53, 57. Also pending are multiple

motions of Plaintiff: to substitute a party, to compel discovery, to disqualify and sanction defense counsel, and for default judgment. *See* ECF Nos. 49, 52, 54, 57, 66–68. The day before Plaintiff's response to the motions to dismiss the complaint was due, Plaintiff filed a "Notice of Voluntary Dismissal/Withdrawal Pursuant to F[ed]. R. C[iv]. P. 41(a)(1)(A)(i)." ECF No. 69. In this Ruling, the Court will examine the operative effect vel non of Plaintiff's notice of voluntary dismissal and then will resolve the pending motions.

## II. STANDARD OF REVIEW

Federal Rule 41(a)(1) of Civil Procedure permits voluntary dismissal of an action by the plaintiff "without court order" by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Upon the plaintiff's timely filing of said notice, Rule 41(a)(1)(B) provides: "Unless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). As the Second Circuit has observed, "In such a case, the plain text of the rule provides that dismissal 'is without prejudice,' and affords no discretion in this respect to the district court." *See Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 823–24 (2d Cir. 2014). *Accord Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) ("[W]e and other courts have said . . . that a court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed.").

Furthermore, because a voluntary dismissal is effective upon filing, no court order is technically required. The notice "automatically terminates the action," leaving the parties "as though no action had been brought." *Commercial Space Mgmt. Co.*, 193 F.3d at 1077 (citation and footnote omitted). *See also Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir.1993) (voluntary dismissal is "self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required").

In light of the fact that the notice of voluntary dismissal must precede a defendant's answer or motion for summary judgment, "this rule is intended to establish [ ] a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action." *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979). *See also Estate of Sauter v. Citigroup Inc.*, No. 14 Civ. 05812 (LGS), 2015 WL 3429112, at *3 (S.D.N.Y. May 27, 2015) (holding that "[s]ince no answer or motion for summary judgment has been filed, Plaintiff's dismissal without prejudice will not be vacated.").

Furthermore, "[i]t is clear that service of a motion to dismiss under Rule 12(b)(6) does not prevent a plaintiff from filing a 41(a)(1)[ (A) ](i) voluntary dismissal." *Sequa Corp. v. Gelmin*, No. 91 Civ. 8675 (CSH), 1993 WL 437726, at *1 (S.D.N.Y. Oct. 26, 1993). *See also Santiago v. Victim Servs. Agency*, 753 F.2d 219, 222 (2d Cir.1985) ("We have recognized that Rule 41(a)(1)[ (A) ](i) means what it says ever since our Court, through Judge Learned Hand, held that a district court is powerless to vacate a voluntary dismissal under the rule even after a motion to dismiss had been filed.") (citations omitted), abrogated on other grounds, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394–96 (1990) (holding collateral sanctions issue under Rule 11 could be adjudicated after a voluntary dismissal). *See also Magder v. Lee*, No. 14 Civ. 8461 (JFK), 2015 WL 4887551, at *1 n.2 (S.D.N.Y. Aug. 17, 2015) ("Although Defendants had moved to dismiss Plaintiff's claims, they never entered an answer or moved for summary judgment;" and "[t]hus, Plaintiff was still free to unilaterally dismiss the action without a court order.") (citing Fed. R. Civ. P. 41(a)(1)); *Activox, Inc. v. Envirotech Corp.*, 85 F.R.D. 132, 133 (S.D.N.Y. 1980) ("a motion to dismiss the complaint pursuant to Rule 12(b)(6) does not bar plaintiff from voluntarily dismissing its action"); *Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942, 2004 WL 2809205, at *1 (S.D.N.Y. Dec.

7, 2004) ("The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal.").[1]

### III. DISCUSSION

In the case at bar, Defendants have filed no answer or motion for summary judgment, while Plaintiff has filed a notice of voluntary dismissal. Prior to Plaintiff's notice (filed April 19, 2022), defendants filed two motions to dismiss. Defendants Bank of New York Mellon, Bank of New York Mellon Corporation, McCalla Raymer Leibert Pierce, LLC, and Christopher Picard filed a 12(b)(6) motion to dismiss on February 2, 2022, which also included a request that the Court enjoin Plaintiff from filing future related actions without prior approval. *See generally* ECF No. 50. Defendants Willie Davis, Jr. and Edward DiLieto filed a 12(b)(6) motion to dismiss—incorporating the arguments made in their co-defendants' motion—on February 7, 2022. *See generally* ECF No.

---

[1] Two exceptions to enforcement of a plaintiff's voluntary dismissal notice include: a Rule 12(b)(6) motion to dismiss which must be construed as a Rule 56 motion for summary judgment and a situation involving Rule 11 sanctions. First, the Second Circuit has held that "where a 12(b)(6) motion ripens into one for summary judgment, the right to voluntary dismissal is extinguished at the time the motion is served." *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 286 (2d Cir. 1989). In other words, the parties' filing of material outside the pleadings, and the court's consideration thereof, may, under certain circumstances, require the court to construe a motion to dismiss as a summary judgment motion. At that point, a plaintiff's filing of a notice of voluntary dismissal is no longer effective to terminate the case. *See, e.g.*, *Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942 (SAS), 2004 WL 2809205, at *1 (S.D.N.Y. Dec. 7, 2004) ("where a motion to dismiss 'could have been treated as a request for summary judgment,' because matters outside the pleadings have been presented to the court and not excluded, 'the right to voluntary dismissal is extinguished.'") (citing *Yosef*, 876 F.2d at 284, 286).

Second, the United States Supreme Court has held that "Rule 11's language and purposes, and the one supported by the weight of Circuit authority, is that district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

In the case at bar, there is neither a summary judgment motion nor a Rule 11 sanctions issue. Defendants seek "an order permanently enjoining Ms. Worth from filing any future lawsuits against foreclosure defendants[,] their subsidiaries, agents, attorneys, or any related entity or individual in federal court or proceeding on removed state court actions without this [C]ourt's prior approval and review[,]" but do *not* seek Rule 11 sanctions and expressly state that such "sanctions would be inadequate." Mot. to Dismiss 28–29, ECF No. 50.

53. However, as set forth supra, a 12(b)(6) motion does not ordinarily bar a plaintiff from voluntarily dismissing his or her action.

Plaintiff's notice of voluntary withdrawal presents nearly identical issues to those I addressed in *Lindquist v. Murphy*, No. 3:15-CV-0870 (CSH), 2015 WL 6692244 (D. Conn. Nov. 3, 2015) (dismissing action upon plaintiff's notice of voluntary dismissal where defendants' pending 12(b)(6) motion to dismiss could not be interpreted as a motion for summary judgment). Here, as in *Lindquist*, Defendants did not present extraneous information or evidence with their Rule 12(b)(6) motions sufficient for the Court to interpret them as motions for summary judgment. *See* 2015 WL 6692244, at *3. Instead, they attached docket information, filings, and court orders in related cases in the Connecticut trial and appellate courts, this Court, and the Second Circuit, reflecting the protracted litigation to which this eviction has already given rise. *See* Mot. to Dismiss 25–27, ECF No. 50.

On the face of Defendants' motions to dismiss, the Court finds no grounds upon which to construe the motions as motions for summary judgment. As in *Activox, Inc. v. Envirotech* Corp., 85 F.R.D. 132, 134 (S.D.N.Y. 1980), "at the time plaintiff filed [her] voluntary dismissal, defendants' motion[s] could not have been converted into [ ] motion[s] for summary judgment" because the Court had not examined any outside materials in conjunction with the motions. In this case, not only did Defendants' motions include no affidavits for the Court to consider, Plaintiff had not responded to the motions, much less presented any affidavits or materials for the Court's consideration. Therefore, at the time Plaintiff filed her notice of voluntary dismissal, pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P., Plaintiff was permitted to dismiss the action without leave of court and without prejudice.

## IV. CONCLUSION

Because Defendants filed no answer or motion for summary judgment, pursuant to Federal Rule 41(a)(1)(A)(i) of Civil Procedure, Plaintiff was within her rights to file a Notice of Voluntary Dismissal. Accordingly, Defendants' Motions to Dismiss the Complaint pursuant to Federal Rule 12(b)(6) of Civil Procedure are DENIED AS MOOT. Also DENIED AS MOOT are the following motions: Plaintiff's Motion to Substitute Party, ECF No. 49; Plaintiff's Motion to Compel Interrogatories and Protective Order, ECF No. 52; Defendants Davis and DiLieto's Motion to Stay Discovery, ECF No. 57; Plaintiff's First and Second Motions to Disqualify and Sanction Defense Counsel, ECF Nos. 66–67; and Plaintiff's Motion for Default Judgment, ECF No. 68.

As set forth in Plaintiff's notice of voluntary dismissal, the action is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close the case.

It is SO ORDERED.

Dated: New Haven, CT
        May 23, 2022

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

6